

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JOHN MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO: |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., | )   2:11cv 141 |
| | ) |
| SERVE:   NRAI Corporate Services | ) |
| 2875 Michelle Drive, Suite 100 | ) |
| Irvine, CA 92606 | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

JOHN MATTHEWS ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD.,

alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. 1692 *et seq.* (FDCPA).

2.     Defendant acted through its agents, employees, officers, members, directors,

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

4.      Defendant has a business office and conducts business in the state of Virginia, and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (2).

## PARTIES

6.      Plaintiff is a natural person residing in the Suffolk, Virginia.

7.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff's son.

8.      Defendant is a limited liability company located in Norfolk, Virginia.

9.      Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10.     Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed by Plaintiff's son, John Matthews, Jr.

11.     Plaintiff repeatedly informed Defendant that the person it was trying to reach was his son John Matthews, Jr., and that Plaintiff had no accounts with Defendant and further requested that Defendant stop calling.

12.     Plaintiff confirmed he had a different social security number than the alleged debtor and also gave contact information to Defendant so it could contact his son directly.

13.     Despite having this information Defendant continued to contact Plaintiff on an almost daily basis for a period of months.

14.     Defendant called from its phone number 404-592-5171, from unknown and blocked phone numbers, to Plaintiff's current phone number 757-967-0128.

15.     Due to the excessive telephone calls from Defendant Plaintiff changed his phone

number three times.

16.     The calls would stop briefly following the changing of the phone number; however, the calls resumed once Defendant located the new phone number.

17.     When changing his phone number failed to stop the calls from the Defendant, Plaintiff had an attorney send a cease and desist letter to Defendant.  However, this did stop the phone calls from the Defendant.

18.     Plaintiff filed a complaint with the Federal Trade Commission ("FTC") whom, Plaintiff is informed and believes, thereafter contacted Defendant regarding the phone contacts.

19.     Despite being contacted by the FTC, Defendant continued to contact his APT

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20.     Defendant violated the FDCPA based on the following:

a)  Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once without being requested to do so and without reasonably believing that the earlier response was erroneous or that new information had been acquired;

b)  Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiffs;

c)  Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring and engaging Plaintiffs in telephone conversations repeatedly; and

d)  Defendant violated §1692e(10) of the FDCPA by engaging in deceptive means to attempt to collect a debt by continually contacting Plaintiff after being informed he was not the debtor in question in an attempt to coerce payment.

WHEREFORE, Plaintiff, JOHN MATTHEWS, respectfully request judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., for the following:

21. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris, Esq.
VSB #31812
FerrisWinder, PLLC
530 East Main Street
Suite 710
Richmond, VA 23219
(804) 767-1800
(888) 251-6228 Fax
rwferris@ferriswinder.com


Of Counsel For:
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Ph: 323-988-2400
Fax: 866-385-1408
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN MATTHEWS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF VIRGINIA)

Plaintiff, JOHN MATTHEWS, states the following:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN MATTHEWS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Feb 2, 2011
_____
Date

_____
JOHN MATTHEWS

5